UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRIS BRADBERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01760-SEB-MPB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Chris Bradberry was convicted of dealing in cocaine or narcotic drug in Marion County, Indiana, in 2017. Mr. Bradberry now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred and his claims are procedurally defaulted. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [6], is **granted**, and Mr. Bradberry's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

After Mr. Bradberry was convicted of dealing in cocaine or narcotic drug, he appealed. *Bradberry v. State*, 94 N.E.3d 761, 2017 WL 5710591 (Ind. Ct. App. 2017). Mr. Bradberry's conviction and sentence were upheld on appeal on November 28, 2017, *id.*, and the Indiana Supreme Court denied his petition to transfer on April 12, 2018, dkt. 6-2 at 6.

Mr. Bradberry filed his state petition for post-conviction relief on June 6, 2018, which was denied on March 5, 2019. Dkt. 6-8 at 1, 3. He did not appeal. *Id.* at 3.

1

On June 30, 2020, Mr. Bradberry filed the instant petition for a writ of habeas corpus, which was signed on June 19, 2020, seeking federal collateral review of his conviction. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). This leaves two options for when a judgment becomes final. "For petitioners who pursue direct review all the way to th[e] [United States Supreme] Court, the judgment becomes final . . . when th[e] [United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quotation marks omitted). "For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in th[e] [United States Supreme] Court, or in state court, expires." *Id.* (quotation marks omitted). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Mr. Bradberry did not file a petition for certiorari with the United States Supreme Court, so his conviction became final when the time for doing so expired on July 11, 2018. *See Gonzalez*,

565 U.S. at 150. A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Thus, the one-year deadline was already tolled when Mr. Bradberry's conviction became final on July 11, 2018, because he had filed his petition for post-conviction review on June 6, 2018.

The post-conviction court denied his petition on February 1, 2019, and Mr. Bradberry did not appeal. It is unclear whether the time between the denial of the petition and the deadline for appeal is tolled. *See Johnson v. McCaughtry*, 265 F.3d 559, 563-64 (7th Cir. 2001). This Court will assume that Mr. Bradberry's time to file a notice of appeal was tolled and that his habeas limitation period began to run again on March 4, 2019, the day after his time to file a notice of appeal expired. At that time, he had one year left to file a federal habeas petition.

Mr. Bradberry's limitations period expired on March 4, 2020. He mailed his federal habeas petition on June 19, 2020, over three months after his limitations period had expired. He concedes that his petition was filed beyond the one-year period. Dkt. 1-4.

Mr. Bradberry argues that he is entitled to equitable tolling because prison transfers, misplacement of some documents, and the COVID-19 pandemic hindered his ability to file his petition. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir.

3

2015).

In support, Mr. Bradberry filed an "amendment to motion to show cause," dkt. [8], which the Court **grants** to the extent that it has considered it in support of his equitable tolling claim. In it he describes the following pertinent dates:

- September 17, 2018–April 29, 2019: Mr. Bradberry was placed at a Level 1 outside dorm at Pendleton Correctional Facility, which did not have its own law library. Instead, "materials come from inside Pendleton," which the Court presumes refers to the main prison building which has a law library;

- April 29, 2019–July 30, 2019: Mr. Bradberry was placed in the main prison at Pendleton Correctional Facility, but his property was misplaced at this time;

- July 30, 2019: Mr. Bradberry was transferred to Plainfield Correctional Facility.

Dkt. 8.

"[E]quitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted). Mr. Bradberry has shown neither that he diligently pursued his rights, nor that any extraordinary circumstance prevented him from timely filing his federal habeas petition. With respect to the first period, Mr. Bradberry does not allege he was deprived of all access to legal resources, only easy access. And although Mr. Bradberry may not have been at fault for the misplacement of his papers between April and July of 2019, he does not explain why he was not able to prepare a petition between August 2019 and March 4, 2020, when the statute of limitations expired. Nor can Mr. Bradberry blame the COVID-19 pandemic. The Indiana Department of Correction issued its

4

first press release related to the virus's impact on prison operations on March 9, 2020, the week after Mr. Bradberry's deadline.[1] On March 13, 2020, this Court issued its first COVID-19-related General Order, which suspended jury trials and limited personal presence at the courthouses in this district.[2] Further, at no time during the pandemic have litigants been unable to file pleadings in the Court. Thus, although the pandemic has affected prison and court operations in many ways, it does not excuse Mr. Bradberry's late filing.

Because Mr. Bradberry does not qualify for this "extraordinary remedy," his petition must be dismissed, and the Court need not reach the respondent's alternative argument that Mr. Bradberry procedurally defaulted his claims.

### IV. Conclusion

Mr. Bradberry has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [6], is therefore **granted**, and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

---

[1] *See, e.g.* Indiana Dep't. of Corr., Bulletin, *Update- Dept. of Correction Suspends Visitations at Some Facilities Result of COVID-19*, https://content.govdelivery.com/accounts/INDOC/bulletins/2804687 (last updated Mar. 9, 2020) (noting that although no COVID-19 cases had yet been reported at an IDOC facility, visitation would be suspended at some facilities, not including Pendleton, to prevent risk of spread). This was IDOC's first press release regarding COVID-19's impact on prison operations. *See* Indiana Dep't. of Corr., *Indiana Department of Correction COVID-19 News*, https://www.in.gov/idoc/home/newsroom/idoc-news-releases/indiana-department-of-correction-covid-19-news/.

[2] United State District Court, Southern District of Indiana, *General Order: In re: court operations under the exigent circumstances created by COVID-19 and related coronavirus* (Mar. 13, 2020), *available at* https://www.insd.uscourts.gov/sites/insd/files/general-ordes/Court%20General%20Order%20RE%20COVID-19%20-%203-13-20-Signed.pdf.

### V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as the statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Bradberry's petition was filed beyond the expiration of the one-year statutory limitations period, and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 1/19/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

CHRIS BRADBERRY
263095
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov